[No. 6644. Decided August 27, 1907.]

C. J. ERICKSON, *Appellant*, v. FERDINAND HOCHBRUNE, *Respondent.*[1]

APPEAL—REVIEW—FINDINGS. Findings upon conflicting evidence by a trial judge who saw and heard the witnesses will not be disturbed on appeal.

ESTOPPEL—BY ACQUIESCENCE—EVIDENCE—SUFFICIENCY—WORK AND LABOR—IMPLIED CONTRACT. The evidence is not sufficient to show an estoppel to deny an implied contract to pay for grading a lot, where the lot owner refused to enter into a written contract therefor with the party doing the grading, who was a contractor needing the dirt removed, and it appears that the owner notified him on several occasions to cease trespassing on the lot.

Appeal from a judgment of the superior court for King county, Griffin, J., entered March 31, 1906, upon findings in favor of the defendant, after a trial on the merits before the court without a jury, in an action to foreclose a lien for grading. Affirmed.

*Shank & Smith,* for appellant.

*Kerr & McCord,* for respondent.

PER CURIAM.—Action by C. J. Erickson, plaintiff, against Ferdinand Hochbrune, to foreclose a lien on lot 7, block 44, A. A. Denny's Addition to the city of Seattle. The plaintiff

[1]Reported in 91 Pac. 485.

3—47 WASH.

alleges that, under an oral contract, he performed work and labor of the value of $1,745.26 in grading the lot by removing dirt therefrom; that no payment had been made therefor; and that he had, by filing notice, perfected a lien on the lot. The defendant, after admitting his ownership of the lot, denied all other allegations of the complaint. The trial court found, that the plaintiff without authority, and against defendant's consent, entered upon the lot and removed dirt therefrom; that the defendant frequently warned him to keep off; that the defendant never entered into any contract for the removal of any dirt; and that plaintiff was a trespasser. From a judgment in favor of the defendant, the plaintiff has appealed.

The only question on this appeal is whether the findings are sustained by the evidence. Although some conflict exists, we are unable to conclude from all the evidence that the findings are not sustained. As the preponderance of the evidence seems to be with the defendant, we cannot disturb the findings made by the trial judge who saw the witnesses and was in a position to determine their credibility

The appellant contends that, even though it be conceded that the respondent did notify him to keep away from the lot and cease work thereon, such notice was not given until after three-fourths of the grading had been done; that respondent had theretofore knowingly permitted him to almost complete the work; and that he should now be estopped from denying an implied contract for the work or his obligation to pay. Were appellant's statement in this regard clearly sustained by the preponderance of the evidence, his contention would not be without merit. While it is true that the respondent, on two occasions, in the presence of witnesses, notified appellant to keep away from the lot and cease work, after a large percentage of the grading had been done, the testimony of the respondent shows that he himself, at other and previous times, had given like notices to appellant. There is evidence which, although rather indefinite, tends to show

that appellant, who was doing large amounts of grading on the streets and other property abutting respondent's lot, needed the dirt being removed, which he was selling to third parties. It also appears that, while it was his custom to obtain written contracts for grading done by him, he had failed to secure any written contract from respondent, although he had attempted to do so. Taking all surrounding circumstances into consideration, and having due regard to the weight of the evidence, we are unable to find any estoppel against the defendant, or that the trial court erred in the findings made.

The judgment is affirmed.